UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
00 JUL 24 PM 3:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

JOHN T. NEVELS, )
)
    Plaintiff, )
)
vs. ) Civil Action No. CV-99-S-1728-S
)
DERRICK PERRYMAN, )
)
    Defendant. )

ENTERED
JUL 24 2000

## MEMORANDUM OPINION

This action is before the court on defendant's motion for summary judgment (doc. no. 18). The Honorable Michael T. Putnam, Chief United States Magistrate Judge, entered a report and recommendation on June 9, 2000 (doc. no. 22), which recommends the granting of defendant's motion. Upon consideration of the case file, particularly defendant's motion, the magistrate judge's report and recommendation, and plaintiff's objections, this court refrains from ruling on the merits of defendant's motion until such time as counsel can be appointed for plaintiff and limited discovery can be conducted on his behalf.

### I. BACKGROUND

The court is greatly disturbed about the evidence submitted in support of defendant's motion for summary judgment. When the evidence is considered in conjunction with plaintiff's factual allegations, the court finds that plaintiff should have the

opportunity to try to substantiate his claims with the assistance of counsel.

Specifically, plaintiff has alleged that defendant Perryman, a Birmingham Homicide Detective, unlawfully incarcerated him and retaliated against him for filing a complaint with internal affairs. He has insisted throughout this litigation that defendant Perryman is personally involved with Stacey Charlie, who either is plaintiff's ex-wife or girl-friend, and Perryman and Charlie have together fabricated criminal charges against him.

The court has reviewed the evidence and arguments submitted by defendant in support of his motion for summary judgment and finds that there are suspicious circumstances surrounding plaintiff's arrests, and that defendant has failed to offer any explanation to exonerate his conduct. The court briefly summarizes defendant's evidence, as follows.

Defendant Perryman arrested plaintiff on two different occasions during a four month period, and both arrests were based on complaints filed by Stacey Charlie with the Birmingham Police Department. The first arrest occurred on April 14, 1999, over one month after Charlie filed her complaint with the police department.[1] In that complaint, which was made on March 5, 1999,

---

[1] The court notes that defendant has not offered any explanation for the

2

Charlie accused plaintiff of entering her home and attacking her. The police report indicated that she was not injured and that she refused medical treatment. Defendant arrested plaintiff at a hearing in family court, and although a month had passed between Charlie's complaint and the arrest, defendant had not obtained an arrest warrant. Because individuals arrested without a warrant may only be held in the City of Birmingham Jail for eight hours,[2] defendant petitioned Jefferson County Circuit Judge James Hard for a forty-eight hour extension of time to secure the warrant. To justify this extension, defendant reported that the victim, Ms. Charlie, had suffered a "serious personal injury,"[3] an assertion which is contrary to the police report filed in conjunction with the stalking charges. Defendant obtained the extension, as well as a felony stalking warrant from state court, and served it on plaintiff the next day, April 15, 1999. Plaintiff remained incarcerated for two months, and was released on June 10, 1999, after Charlie dropped the charges against him.

Following plaintiff's release, he complained to the chief of

---

one-month delay.

[2] Defendant's affidavit at 2.

[3] In his affidavit, defendant continues to justify his petition for an extension by foreswearing that he did so "[a]s a result of the <u>exceptional severity of the acts of Mr. Nevels and the serious personal injury sustained by Ms. Charlie</u>. (*Id.*)

3

police, as well as internal affairs, about defendant's arrest and treatment of him. They refused his request to file a formal claim against defendant. Plaintiff was arrested a second time on July 22, 1999, pursuant to a first-degree rape warrant. This arrest was based on a police report Charlie filed on June 30, 1999, charging plaintiff with attacking and raping her. On the same day that Charlie filed her report, plaintiff filed a report against Charlie, alleging that she fired at gun at him. Plaintiff denies the rape charges and remains incarcerated, awaiting his trial, on $150,000 bond.

## II. DISCUSSION

On more than one occasion, plaintiff has petitioned the magistrate judge to appoint him an attorney to assist him in this litigation. Judge Putnam denied plaintiff's request, stating that "the issues here do not appear complex and plaintiff has shown the ability to litigate this action *pro se*." (Doc. no. 21.) This court disagrees, however, and finds that plaintiff should be allowed the opportunity to defend defendant's motion for summary judgment with the assistance of counsel.

"A federal court has discretion to appoint counsel if doing so would advance the proper administration of justice." *Ulmer v.*

*Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (cited with approval in *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990)). Although the appointment of counsel is indeed a privilege, and not a constitutional right, it is justified in "<u>exceptional circumstances</u>, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987) (emphasis supplied)). In determining whether the requisite exceptional circumstances exist, so as to warrant the appointment of counsel, courts have considered a number of factors.

> These [factors] include: (1) the type and complexity of the case, ... (2) whether the indigent is capable of adequately presenting his case, ... (3) whether the indigent is in a position to investigate adequately the case, ... (4) and whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination ....

*Ulmer*, 691 F.2d at 213.

This court has considered these factors and finds that they weigh in favor of the appointment of counsel. First, the type and complexity of this case, particularly as it implicates qualified immunity, justifies the assistance of counsel. Second, even Judge Putnam acknowledged that plaintiff's *pro se* complaint included "random and confused allegations," demonstrating that plaintiff is

5

incapable of adequately presenting his case. Moreover, plaintiff has repeatedly stated that his incarceration prevents him from gathering information, in the form of affidavits or depositions, to respond successfully and carry his burdens under Rule 56(e) of the Federal Rules of Civil Procedure. After defendant filed his motion for summary judgment, plaintiff simultaneously filed a motion for extension of time to file a special report to oppose summary judgment, stating, in pertinent part:

1. The Plaintiff is at this time in the Jefferson County Jail. Cannot get to paper work nor [sic] affidavits.

2. Has ask [sic] for Cousel [sic] to represent for do not understand all procedure and they can g[ai]n access to all affidavits supporting claims. For cannot obtain cousel from here....[4]

### III. CONCLUSION

Accordingly, the court finds that plaintiff is entitled to a court appointed attorney to assist him in responding to defendant's motion for summary judgment. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 24th day of July, 2000.

_____
United States District Judge

---

[4] Doc. no. 20 at 1.