```
             UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

FILED
00 NOV -8 PM 12:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JOHN T. NEVELS, | ) |
|     Plaintiff, | ) |
| vs. | )    Civil Action No. CV99-S-1728-S |
| DERRICK PERRYMAN, | ) |
|     Defendant. | ) |

**ENTERED**
NOV 8 2000

### MEMORANDUM OPINION

This action is before the court on the report of the United States Magistrate Judge entered on June 9, 2000, recommending that defendant's motion for summary judgment be granted. Plaintiff filed objections on June 23, 2000. Having carefully reviewed and considered *de novo* all materials in the court file, particularly defendant's motion, the magistrate judge's report and recommendation, plaintiff's objections, and the report filed by the attorney appointed by this court to ascertain whether plaintiff's allegations comport with Fed. R. Civ. P. Rule 11,[1] this court concludes that the magistrate judge's report, subject to the modifications discussed herein, is due to be adopted, and his recommendation accepted.

The magistrate judge observed in his report and recommendation that plaintiff had failed to respond to defendant's motion for summary judgment, other than requesting an extension of time.

        On February 28, 2000, Detective Derrick Perryman filed a special report accompanied by copies of official

---

[1] See Order and Memorandum Opinion entered July 24, 2000 (doc. nos. 23 and 24), and report filed October 24, 2000 (doc. no. 27).

>  police records and an affidavit. Thereafter, plaintiff
>  was notified that he would have twenty days to respond to
>  the motion for summary judgment, filing affidavits or
>  other material if he chose. Plaintiff was advised of the
>  consequences of any default or failure to comply with
>  Fed. R. Civ. P. 56. ... On April 12, 2000, plaintiff was
>  granted a thirty day extension of time in which to file
>  a response to the special report, but has filed nothing
>  further.

(Doc. no. 22, at 2.) The court file reflects, however, that plaintiff submitted a five page, handwritten response to defendant's motion for summary judgment. Plaintiff contends the magistrate judge's failure to take that response into account when ruling on defendant's motion for summary judgment was error. This court <u>has</u> reviewed plaintiff's handwritten response to defendant's motion for summary judgment, but nevertheless concludes the arguments advanced therein do not change the result recommended by the magistrate judge.

For the reasons stated by the magistrate judge in his report and recommendation, and by the attorney appointed by this court to ascertain whether plaintiff's allegations comport with Rule 11, this court concludes that plaintiff's claims bottomed upon 42 U.S.C. § 1983 are subject to summary judgment, and that defendant is entitled to the entry of judgment as a matter of law, even when viewing the material facts in a light most favorable to plaintiff. *See* Fed. R. Civ. P. 56(c). A final judgment consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this **8th** day of November, 2000.

United States District Judge